■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILL A. WASHINGTON, Appellant, v THEODORE REID, as Superintendent of the Albion Correctional Facility, Respondent.—Appeal unanimously dismissed as moot (see *People ex rel. Wilder v Markley,* 26 NY2d 648). (Appeal from judgment of Orleans County Court denying application for a writ of habeas corpus.) Present—Moule, J.P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

■ In the Matter of JAMES L. GARRETT CO., INC., et al., Appellants, v CARL GULDENSCHUH et al., Constituting the Planning Board of the Town of Brighton, Respondents.—Motion for reargument, or, in the alternative, for leave to appeal to the Court of Appeals denied. Memorandum: Appellants move for reargument or leave to appeal to the Court of Appeals arguing, as before, that the denial of their application for approval of a clustered subdivision under section 281 of the Town Law was for the sole and exclusive reason that the subdivision would be clustered. Such is not among the reasons stated by the Planning Board of the Town of Brighton in its November 6, 1974 denial of appellants' application. The charts and photographs presented as exhibits reveal that the clustered homes proposed to be built by Garrett have a different appearance from single-family dwellings which comprise all of the homes in the vicinity of the proposed development. The opposition spread on the record of the public hearing by residents of the area opposed to changing the character of their neighborhood together with the charts and photographs furnished a rational and substantial basis for the decision of the planning board. Special Term correctly concluded that it may not substitute its judgment for that of the planning board so long as the planning board's determination found support in the evidence and was not illegal, arbitrary or capricious. Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v LANCASTER X. BRADLEY.—Motion for order extending time for taking appeal denied. Memorandum: The motion papers do not allege facts constituting a legal basis for an extension of time to perfect an appeal (citing CPL 460.30, subd 4). Consequently the application is denied without prejudice to bring such postconviction proceeding as defendant may be advised.